IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AUDRA M. RHINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:19-CV-357-WHA-CSC |
| ) | [WO] |
| SHERIFF VALENZA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**[1]

Proceeding pro se, Plaintiff Audra Rhine ["Rhine"], an inmate at the Houston County Jail in Dothan, Alabama, brings this 42 U.S.C. § 1983 action against (1) Sheriff Donald Valenza (2) Jail Commander James Brazier (3) Assistant Jail Commander Kelita Moore (4) Lieutenant Sharon King and (5) Sergeant Melinda Peters ("Defendants"). Rhine seeks to challenge as unconstitutional various conditions of confinement to which he was subjected at the Houston County Jail from April 1, 2019, through the filing of his Complaint. Rhine signed his Complaint on April 29, 2019 (*see* Doc. 1 at 2), and it was filed with the Court on May 21, 2019.  For relief, Rhine seeks an investigation of the Houston County Jail, $2.5 million in damages, and requests trial by jury.  Doc. 1 at 1–2.

---

[1] All documents and attendant page numbers cited herein are those assigned by the Clerk of this Court in the docketing process.

Pursuant to the Court's Orders, Defendants filed an Answer, Written Report, and supporting evidentiary materials addressing Rhine's claims for relief. Doc. 19. In their report, Defendants deny they acted in violation of Rhine's constitutional rights. Defendants also raise the defense of exhaustion arguing this case is due to be dismissed because Rhine failed to properly exhaust the administrative remedy available to him at the Houston County Jail regarding the claims presented in the Complaint prior to filing this case. Doc. 19 at 5–7. *See Jones v. Bock*, 549 U.S. 199, 202(2007) (emphasis added) (finding that the Prison Litigation Reform Act ("PLRA") requires "inmates complaining about prison conditions exhaust prison grievance remedies **before** initiating suit."). Defendants base their exhaustion defense on Rhine's failure to utilize the grievance procedure regarding the claims presented. Doc. 19 at 7; Doc. 19-2 at 8; Doc. 21-1—21-7.

The Court granted Rhine an opportunity to file a response to Defendants' written report in which he was advised to specifically address Defendants' argument that his "claims are due to be dismissed because he failed to exhaust his available administrative remedies . . . as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. 23 at 1 (footnote omitted). The Order advised Rhine his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. Doc. 23 at 3. This Order further cautioned Rhine that unless "sufficient legal cause" is shown within ten days of entry of the Order "why such action should not be undertaken, the court may at any time [after expiration of the time for his

filing a response to this order] and <u>without further notice to the parties</u> (1) treat the [written] report and any supporting evidentiary materials as a motion to dismiss . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." Doc. 23 at 3. Rhine filed a response to Defendants' written report. Doc. 27. Pursuant to the directives of the Order entered October 29, 2019 (Doc. 23), the Court now does treat Defendants' written report as a motion to dismiss regarding the exhaustion defense as to the unexhausted claims. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (internal quotations omitted) (holding that "an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Fla. Dept. of Corrs.*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed a defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies").

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust any administrative remedies available to him before filing a suit in federal court based on alleged violations of his constitutional rights or other federal laws.  Specifically, § 1997e(a) directs that:

> [n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

*Miller v. Tanner*, 96 F.3d 1190, 1192–93 (11th Cir. 1999). In addressing the requirements of 42 U.S.C. § 1997e(a) exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643–44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id*. (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before ***filing*** suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Ga. Dept. of Corrs.*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original). Furthermore, "the question of exhaustion under the PLRA [is] a threshold matter that [federal courts must] address before considering the merits of the case. Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept*., 476 F. App'x 364, 366 (11th Cir. 2012) (internal quotation marks omitted) (citing *Chandler v. Crosby*, 379

4

F.3d 1278, 1286 (11th Cir. 2004) and *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)).  The court will therefore "resolve this issue first."

"When deciding whether a prisoner has [properly] exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*citing Bryant*, 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.'  *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)."  *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias*, 587 Fed. App'x at 535. Based on the foregoing, the Eleventh Circuit has rejected an inmate-plaintiff's argument that "disputed facts as to exhaustion should be decided" only after a trial either before a jury or judge. *Id*. at 534.

Upon review of the Complaint, Defendants' dispositive motion, and the undisputed evidentiary materials filed in support thereof, the undersigned concludes Defendants' motion to dismiss is due to be granted.

**III. DISCUSSION**

Rhine complains about the conditions of confinement at the Houston County Jail. Specifically, Rhine complains the jail's kitchen is infested with insects and rodents, snakes have made beds in a kitchen oven and have been seen throughout the kitchen and jail pods, mold and mildew is present throughout the facility, and the exhaust fans and vents are "smoked up" and black. Doc. 1 at 2. Defendants deny Rhine's allegations (Docs. 21–1—21–5) and further argue this case is subject to dismissal because Rhine failed to properly exhaust the administrative remedy provided at the jail regarding the claims presented prior to filing his Complaint as required by the PLRA, 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court in a § 1983 action. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion]

provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016). However, "[a] prisoner need not exhaust remedies if they are not available." *Id*. at 635 (internal quotation marks omitted). Generally, a remedy is "available" when it has "sufficient power or force to achieve an end,[or is] capable of use for the accomplishment of a purpose[.]" *Booth*, 532 U.S. at 737 (internal quotation marks omitted). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of

the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id.* at 90–91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id.* at 83-84; *Bryant*, 530 F3d at 1378 (explaining that to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (observing that inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

Defendants' evidence demonstrates that the Houston County Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. Doc. 19-2 at 8; Docs. 21–1—21–5. In addition, the evidentiary materials filed by

Defendants demonstrate Rhine has access to the grievance procedure at the Houston County Jail. The grievance procedure applicable to the claims presented by Rhine allow him the opportunity to submit grievances regarding conditions occurring at the Houston County Jail. The facility's grievance procedure provides:

> 1. If an inmate has a grievance, they may complete a grievance using the pod kiosk. Grievances are by individual inmate only. If more than one inmate has the same grievance, each inmate must submit their own grievance. Inmates may only submit one grievance per day.
>
> 2. Complete the grievance providing as much detail as possible in the space provided for the inmate. Each grievance may only address one issue and the grievance cannot contain cuss words or any disparaging comments about any person. The grievance must be submitted within three days of the event that is the basis of the grievance. The inmate shall state in their grievance the details and the date of the event made the basis of the grievance. Grievances that do not conform to policy are returned without the grievance issue being addressed.
>
> 3. The Grievance Deputy has 15 days to investigate and answer the grievance.
>
> 4. If the inmate is not satisfied with the response to the grievance, the inmate may appeal the decision using a grievance appeal form. An appeal form may be obtained by asking sheriff's office personnel for an appeal form. The completed grievance appeal form shall be placed in the secure box. The appeal must be submitted within 3 days of the date the inmate is notified of the initial decision. The sheriff's office member hearing the appeal will have 30 days to answer the appeal.
>
> 5. If an inmate is dissatisfied with the response to an appeal, they may repeat the appeal procedure as detailed in item 4 until they reach their third, and final appeal. The Jail has a three appeal process and the response to the third appeal is the final decision.
>
> 6. If an inmate has an emergency, he or she may make an oral request to any member of the sheriff's staff. The sheriff staff member will immediately

>   notify a supervisor who will investigate the emergency grievance. An emergency is anything that affects the immediate life, safety, or health of the inmate or the security and safety of the facility.
>
>   7. All grievances are tracked to ensure that (1) inmates grievances are answered; [and] (2) inmates have followed the rules regarding filing grievances and appeals.

Doc. 19-2 at 8.

The Court granted Rhine an opportunity to respond to the exhaustion defense raised by Defendants in their dispositive motion. Rhine's response does not dispute Defendants' argument that he failed to properly exhaust an available administrative remedy, and there is no evidence this remedy is "unavailable" under the PLRA. *See Ross,* 578 U.S. at 643–44. Specifically, despite the availability of a grievance procedure and his access to it, it is undisputed that Rhine filed no grievances regarding the allegations in the Complaint in accordance with the jail's grievance procedure, and Rhine does not dispute the failure to exhaust the administrative remedy provided to him by Defendants prior to his initiation of this case. *See* Doc. 27.

The Court therefore finds a grievance system is available for Rhine's claims, but he failed to properly exhaust the administrative remedy available to him. Rhine does not dispute his failure to properly exhaust the grievance procedure regarding the matters made the subject of this case, and the unrefuted record before the Court demonstrates he failed to properly exhaust the administrative remedy available to him at the jail regarding the allegations in his Complaint prior to seeking federal relief, a precondition to proceeding in

this Court on his claims. The file in this matter further reflects that the jail's administrative remedy remains available to Rhine and dismissal without prejudice is therefore appropriate. *See Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-1375 (holding that dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice); *Woodford*, 548 U.S. at 87-94.

## IV. CONCLUSION

For the above stated reasons, the undersigned Magistrate Judge RECOMMENDS that:

1. Defendants' motion to dismiss (Doc. 19) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to initiating this cause of action.

2. This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a).

3   Judgment be ENTERED in favor of Defendants.

4. Other than the filing fee assessed to Plaintiff in this case, no further costs be taxed.

It is ORDERED that **by April 18, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or

general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 4th day of April 2022.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE